# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| **MARY MARSHALL,** | Civil Case Number: |
| **Plaintiff,** | |
| -v- | **CIVIL ACTION** |
| **EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and FIRST BANK AND TRUST** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## INTRODUCTION

1. Plaintiff, Mary Marshall, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and First Bank and Trust ("FB&T") negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Defendants failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to conduct reasonable investigations in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

6. Plaintiff, Mary Marshall ("Plaintiff"), is a resident of Detroit, Michigan and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

9. Defendant Trans Union, LLC ("Trans Union") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Trans Union is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661.

11. Defendant FB&T is a national bank with its principal place of business located at 909 Poydras Street, Suite 100, New Orleans, Louisiana 70112.

**FACTUAL ALLEGATIONS**

12. This case relates to a Mercury Financial account that Plaintiff opened on or around September of 2023.

13. Upon information and belief, the Mercury Financial card was issued by Defendant FB&T.

14. Since opening the account, Plaintiff has maintained the account in good standing and made all payments on time.

15. On or about May of 2024, Plaintiff was notified that her Mercury Financial card was closed due to a bankruptcy filing.

16. Plaintiff was shocked as she did not file for bankruptcy.

17. Plaintiff reviewed her credit reports and noticed that Defendant Trans Union was reporting the FB&T account as closed and included in bankruptcy.

18. In response, Plaintiff reached out to Mercury Financial who acknowledged their error and re-opened her account.

19. Plaintiff also contacted Trans Union, who investigated the issues and agreed to remove the bankruptcy reporting.

20. Unfortunately for Plaintiff, the situation exacerbated several months later when her Mercury Financial account again closed in August of 2024.

21. Plaintiff reviewed her three credit reports Trans Union, Equifax and Experian (collectively the "CRAs") to see how they were reporting this Mercury account. To her shock, Plaintiff noticed that the Defendant FB&T was inaccurately reporting this Mercury Financial Account as discharged in bankruptcy on her Experian and Trans Union reports.

22. Experian and Trans Union were aware, or should have been aware, that Plaintiff did not file for bankruptcy in 2024 as they routinely report public records including bankruptcies.

23. As a result of the bankruptcy reporting, Plaintiff's credit scored dropped significantly.

24. Accordingly, on or about October of 2024, Plaintiff began disputing the inaccurate and misleading account with Experian and Trans Union.

25. On or around October 31, 2024, Plaintiff sent a second dispute to Experian for the same issue.

26. Upon information and belief, Experian and Trans Union received all of Plaintiff's disputes.

27. Upon information and belief, Experian notified FB&T of Plaintiff's disputes.

28. Upon information and belief, Trans Union notified FB&T of Plaintiff's disputes.

29. Following receipt of Plaintiff's disputes, Experian failed to conduct a reasonable investigation and failed to correct the inaccurate FB&T account from the Plaintiff's credit file. Instead, Experian purported to have verified this information as accurate and as a result, that information is still being reported to this day.

30. Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

31. Similarly, Trans Union refused to investigate, correct or remove the FB&T Account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

32. Upon information and belief, Trans Union had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

33. On the other hand, Equifax properly has accurately reported the FB&T account.

34. Experian, Trans Union and FB&T were each notified of the respective disputes but refused to investigate and/or remove inaccurate reporting.

35. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

36. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

37. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

38. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score and the defamatory harm that Plaintiff has suffered as a result of having this fraudulent, negative information attributed to him and disseminated to creditors. For example, Plaintiff has been denied housing and credit due to these derogatory inaccuracies.

39. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

40. All preceding paragraphs are realleged.

41. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

42. The FCRA provides that if a CRA conducts an investigation of disputed

information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

43. On multiple occasions, including on or about October of 2024, the Plaintiff initiated disputes with Experian requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging FB&T account.

44. Upon information and belief, Experian received Plaintiff's previous disputes.

45. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account information on the Plaintiff's credit file, something that any basic investigation would have prevented – particularly considering the Defendant has access to public records.

46. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff have been harmed, as explained above.

**COUNT II**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

47. All preceding paragraphs are realleged.

48. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

49. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate

FB&T account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

50. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANS UNION

51. All preceding paragraphs are realleged.

52. At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

53. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

54. On multiple occasions, including on or about October of 2024, the Plaintiff initiated disputes with Trans Union requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging FB&T account.

55. Upon information and belief, Trans Union received Plaintiff's previous disputes.

56. Trans Union, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account information on the Plaintiff's credit file, something that any basic investigation would have prevented – particularly considering the Defendant has access to public records.

57. As a direct and proximate result of Trans Union's willful and/or negligent refusal

to conduct a reasonable investigation as mandated by the FCRA, Plaintiff have been harmed, as explained above.

## COUNT IV
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANS UNION

58. All preceding paragraphs are realleged.

59. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

60. Were Trans Union to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate FB&T account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

61. As a direct and proximate result of Trans Union's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 USC § 1681s-2(b)
### AGAINST FB&T

62. All preceding paragraphs are re-alleged.

63. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

64. On or about May of 2024, Plaintiff began disputing the inaccurate bankruptcy reporting by FB&T.

65. Upon information and belief, FB&T received notice of these disputes from the credit bureaus.

66. FB&T was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

67. Even after the Plaintiff properly disputed this account with the credit reporting agencies, FB&T refused to conduct a reasonable investigation and continued inaccurately reporting the inaccurate account on Plaintiff's credit report.

68. FB&T's conduct violated section 1681s-2(b) of the FCRA.

69. As a result of FB&T's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

    H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.


Dated: March 7, 2025

                                            /s/ Yitzchak Zelman
                                            Yitzchak Zelman, Esq.
                                            MARCUS & ZELMAN, LLC
                                            701 Cookman Avenue, Suite 300
                                            Asbury Park, NJ 07712
                                            T: (732) 695-3282
                                            Email: yzelman@marcuszelman.com
                                            Attorney for Plaintiff